# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANTHONY RAVON WILLIAMS,

        Defendant-Appellant.

UNPUBLISHED
March 15, 2016

No. 324415
Wayne Circuit Court
LC No. 14-002247-FC

Before: RONAYNE KRAUSE, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

A jury convicted defendant of first-degree premeditated murder of Marcellus Smith, MCL 750.316(1)(a), felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.[1] The trial court sentenced defendant to life in prison for the murder conviction and a concurrent prison term of 57 months to 10 years for the felon-in-possession conviction, to be served consecutive to a two-year term of imprisonment for the felony-firearm conviction. Defendant appeals as of right. We affirm.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant argues that there was insufficient evidence to support his first-degree murder conviction. We disagree.

A challenge to the sufficiency of the evidence in a jury trial is reviewed de novo, by reviewing the evidence in the light most favorable to the prosecution to determine whether the trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt. *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). "All conflicts with regard to the evidence must be resolved in favor of the prosecution." *People v Wilkens*, 267 Mich App 728, 738; 705 NW2d 728 (2005). Circumstantial evidence and

---

[1] The jury also convicted defendant of assault with intent to murder Marquis Callins, MCL 750.83, and felonious assault against Callins, MCL 750.82, but the trial court subsequently granted defendant's motion for judgment notwithstanding the verdict with regard to these charges.

reasonable inferences from the evidence can be sufficient to prove the elements of a crime. *People v Jolly*, 442 Mich 458, 466; 502 NW2d 177 (1993).

The elements of first-degree premeditated murder are: (1) an intentional killing of a human being (2) with premeditation and deliberation. *People v Hoffmeister*, 394 Mich 155, 158-159; 229 NW2d 305 (1975); *People v DeLisle*, 202 Mich App 658, 660; 509 NW2d 885 (1993). On appeal, defendant challenges the evidence identifying him as a perpetrator, see *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008) ("it is well settled that identity is an element of every offense"), but the thrust of his argument is that he lacked premeditation and deliberation.

First, there was sufficient evidence to support the jury's conclusion that defendant was the perpetrator. Defendant's own witness testified that defendant was nearby during an argument between Smith and Curtis Jackson about Smith's choice to bring his children to an adult party on Crane Street. Later, Smith's 11-year-old son, GLJ, observed defendant threaten to "kill this n*****" when he was looking for Smith. Smith's girlfriend, Kiara Kimble, specifically identified defendant as a part of the angry crowd that approached Smith. Kimble was familiar with defendant from high school and family relationships. Although Smith's friend, Marquis Callins, could not identify the shooter at trial, he explained that the same person who he heard threatening to "blow . . . somebody's face off" later shot Smith. Kimble and GLJ identified defendant as that shooter when making reports to police, in photographic lineups, and at trial. Kimble and GLJ were eyewitnesses to the shooting. It took place in front of Kimble's van with GLJ in the backseat. Kimble and GLJ both testified to clearly observing defendant raise a black gun to Smith's head and shooting Smith. Given all of these facts, a reasonable jury could conclude that defendant was the perpetrator.

Second, there was sufficient evidence of premeditation and deliberation. Premeditation means "to think about beforehand," and deliberation means "to measure and evaluate the major facets of a choice or problem." *People v Plummer*, 229 Mich App 293, 300; 581 NW2d 753 (1998) (citation and quotation omitted). Premeditation and deliberation require sufficient time to allow the defendant to reconsider his actions, or in other words, sufficient time to "take a second look." *People v Abraham*, 234 Mich App 640, 656; 599 NW2d 736 (1999). Factors relevant to the establishment of premeditation and deliberation include the following: "(1) the prior relationship of the parties; (2) the defendant's actions before the killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide." *Id*. (quotation marks and citation omitted).

The record demonstrates that defendant did not take a second look after observing the argument between Curtis and Smith. Instead, more than 30 minutes later, he had not calmed down like the rest of the crowd, he was searching for Smith, and he was threatening to kill him. Defendant also had time to reconsider his actions after he looked for Smith in Kimble's minivan, as he walked down Crane Street toward Kercheval Avenue with the crowd in search of Smith. Once he found Smith, he still could have taken a second look when he was ordering Smith to get into the van and leave. Instead, when Smith did not comply, defendant shot him. In addition, the jury could infer that defendant was conscious of his guilt when, after the shooting, he went to West Virginia, and when confronted by police there, used a false name and refused to provide his birthdate. See *People v Unger*, 278 Mich App 210, 225-226; 749 NW2d 272 (2008). These actions do not refute that defendant premeditated the shooting. Therefore, viewing the evidence

in the light most favorable to the prosecution, there was sufficient evidence of premeditation to support defendant's conviction of first-degree murder.

## II. EVIDENCE OF FLIGHT

Next, defendant challenges the admission of the evidence involving his trip to West Virginia and his arrest by the police there. In the trial court, defendant objected to evidence that he gave a false name and that he knew he was wanted. Therefore, those arguments are preserved. *Mouzon v Achievable Visions*, 308 Mich App 415, 419; 864 NW2d 606 (2014). But defendant did not object generally to the evidence that he went to West Virginia, leaving that matter unpreserved.

A trial court's decision whether to admit or exclude evidence is reviewed for an abuse of discretion. *People v King*, 297 Mich App 465, 472; 824 NW2d 258 (2012). An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes. *People v Fomby*, 300 Mich App 46, 48; 831 NW2d 887 (2013) (citation omitted). To the extent that defendant's arguments are unpreserved, they are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

Defendant argues that evidence regarding his flight and interaction with West Virginia police was not relevant. We disagree. Pursuant to MRE 401, evidence is relevant when it has a tendency to make a material fact more or less probable. *People v Sabin*, 463 Mich 43, 56-57; 614 NW2d 888 (2000). Evidence of a defendant's consciousness of guilt, such as his flight and dishonesty, is relevant to demonstrate a guilty state of mind. *People v Schaw*, 288 Mich App 231, 237-238; 791 NW2d 743 (2010); *Unger*, 278 Mich App at 226; *People v McGhee*, 268 Mich App 600, 639; 709 NW2d 595 (2005).

Defendant also argues that evidence regarding his flight should have been excluded as substantially more prejudicial than probative under MRE 403. We disagree.

MRE 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In *People v Pickens*, 446 Mich 298, 336-337; 521 NW2d 797 (1994), our Supreme Court explained unfair prejudice under MRE 403:

> Obviously, evidence is offered by an advocate for the always clear, if seldom stated, purpose of "prejudicing" the adverse party. Recognizing this, the Supreme Court in adopting MRE 403 identified only unfair prejudice as a factor to be weighed against probative value. This unfair prejudice refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g.,

the jury's bias, sympathy, anger, or shock. [Citation and quotation marks omitted.]

Although all relevant evidence is prejudicial, *People v Murphy* (*On Remand*), 282 Mich App 571, 582-583; 766 NW2d 303 (2009), the record does not establish that the challenged evidence injected considerations extraneous to the merits of the action, such as shock or bias, *Pickens*, 446 Mich at 337. Defense counsel was free to argue—and, in fact, did argue—that the evidence that defendant was arrested in West Virginia did not prove that he was conscious of his guilt. Counsel noted in closing argument that there was no testimony that defendant admitted to the police that he knew about the particular arrest warrant for the crimes related to Smith's death; he only knew that he was wanted for some unspecified crime. Moreover, counsel argued that there was no proof regarding when defendant arrived in West Virginia, and that his ticket actually demonstrated that he was scheduled to return to Detroit (i.e., showing that he was not avoiding the area). Moreover, the trial court provided the jury with a limiting instruction concerning this evidence, stating:

> Now, there's been some evidence that the defendant left the jurisdiction after the alleged crime that he was accused of. This evidence does not prove guilt. A person may run or hide for innocent reasons, such as panic, mistake or fear. However, a person may also run or hide because of the consciousness of guilt. You must decide whether the evidence is true and if it is true, whether it shows that the defendant had a guilty state of mind.

A cautionary instruction may limit the potential for undue prejudice, *Murphy*, 282 Mich App at 583, and jurors are presumed to follow instructions from the trial court, *People v Waclawski*, 286 Mich App 634, 674; 780 NW2d 321 (2009); see also *People v Cutchall*, 200 Mich App 396, 398; 504 NW2d 666 (1993) ("[a]lthough such evidence 'may be as consistent with innocence as with guilt . . . it is always for the jury to say whether it is under such circumstances as to evidence guilt' ") (citation omitted). Accordingly, the evidence of flight was properly admitted.

## III. FAILURE TO INVESTIGATE

Defendant next argues that he was denied a fair trial because the government failed to investigate other possible witnesses, including Curtis, Kimble's aunt Yolanda Jackson, and the honoree of the party, Natika Newsome. We disagree. Defendant did not raise this issue in the trial court. Therefore, review of defendant's unpreserved failure to investigate claim is limited to plain error affecting substantial rights. *People v Cox*, 268 Mich App 440, 448; 709 NW2d 152 (2005).

Due process demands that a criminal defendant have "a meaningful opportunity to present a complete defense," which includes a defendant's receipt of exculpatory evidence. *People v Anstey*, 476 Mich 436, 460; 719 NW2d 579 (2006) (citation and quotation marks omitted). A prosecutor must disclose exculpatory and material evidence in his or her possession, regardless of whether the defendant has asked for the disclosure. *People v Schumacher*, 276 Mich App 165, 176; 740 NW2d 534 (2007). Defendant cites *Brady v Maryland*, 373 US 83, 87; 83 S Ct 1194; 10 L Ed 2d 215 (1963), under which a defendant must prove: "(1) the prosecution has suppressed evidence; (2) that is favorable to the accused; and (3) viewed in its totality, is

-4-

material, *People v Chenault*, 495 Mich 142, 155; 845 NW2d 731 (2014). In addition, when evidence is lost or not preserved and the exculpatory value of the evidence is indeterminate and only potentially useful, a defendant must show that the government acted in bad faith in failing to preserve the evidence. *Arizona v Youngblood*, 488 US 51, 57-58; 109 S Ct 333; 102 L Ed 2d 281 (1988); *People v Johnson*, 197 Mich App 362, 365; 494 NW2d 873 (1992).

Defendant does not argue that the prosecutor or the police actually possessed evidence that could potentially have assisted his defense, or failed to preserve evidence in its possession. Instead, defendant argues that the police and prosecutor denied him his right to a fair trial by failing to sufficiently investigate the case. Again, defendant argues that the prosecutor should have developed the evidence by investigating other witnesses.

In *Anstey*, 476 Mich at 461, our Supreme Court explained:

> For due process purposes, there is a crucial distinction between failing to disclose evidence that has been developed and failing to develop evidence in the first instance . . . Because the instant case involves the failure to develop evidence, as opposed to the failure to disclose existing evidence, the bad-faith test in *Youngblood* is inapplicable.
>
> Defendant's right to present a defense was not violated because the police have no constitutional duty to assist a defendant in developing potentially exculpatory evidence.

As the Supreme Court explained in *Youngblood*, defendant was free to argue to the jury that further investigation might have pointed to a different perpetrator, but the police do not have a constitutional duty to collect certain evidence. *Youngblood*, 488 US at 59. Because neither the prosecutor nor the police owed defendant a constitutional duty to develop potentially favorable evidence, defendant has failed to show that any inaction by the prosecutor amounted to a plain error that deprived him of his due process right to a fair trial. *Antsey*, 476 Mich at 461-462.

Furthermore, even if the *Youngblood* test applied, defendant cites no evidence of bad faith and, on the contrary, the record demonstrates good faith explanations for his claims. For example, officers went to Curtis and Yolanda's home and left a business card, but received no response from them. The officer in charge also testified that he did not continue to pursue the investigation of other witnesses because, in light of two witnesses' identification of defendant as the shooter, he and his supervisor believed there was sufficient evidence to support the warrant. Absent any bad faith in failing to preserve the evidence defendant cites, he cannot demonstrate plain error with respect to the investigation of the case.

## IV. DEFENDANT'S STANDARD 4 BRIEF

Defendant raises additional issues in a pro se supplemental brief filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4, none of which have merit.

## A. MANSLAUGHTER INSTRUCTION

Defendant argues that the trial court should have instructed the jury on the lesser offense of voluntary manslaughter. We disagree. Because defendant did not request an instruction on voluntary manslaughter, this issue is unpreserved and review is limited to plain error affecting substantial rights. *People v Aldrich*, 246 Mich App 101, 124-125; 631 NW2d 67 (2001).

In a criminal trial, the instructions given to a jury "must include all elements of the charged offenses and any material issues, defenses, and theories if supported by the evidence." *McGhee*, 268 Mich App at 606. Manslaughter is a necessarily included lesser offense of murder, and a manslaughter instruction is warranted when a rational view of the evidence would support it. *People v Mendoza*, 468 Mich 527, 539-540, 548; 664 NW2d 685 (2003). While both are intentional killings, voluntary manslaughter is separated from murder because of the absence of malice—in manslaughter the killing occurred as the result of provocation. *Id*. at 540. The provocation necessary to mitigate a homicide from murder to voluntary manslaughter is that which causes the defendant to act out of passion rather than reason. *Id*. at 535. The "passion" necessary to support a voluntary manslaughter instruction must be "that which would cause a reasonable person to lose control." *People v Tierney*, 266 Mich App 687, 715; 703 NW2d 204 (2005) (citation omitted).

Defendant maintains that there was insufficient evidence of premeditation and deliberation. As discussed earlier, however, the evidence showed that there was a disagreement between Curtis and Smith, and then defendant made threats against Smith, but he had multiple opportunities to take a second look to control his passions. Moreover, defendant does not argue how the record demonstrates adequate provocation or passion that would cause a reasonable person to lose control and shoot another. On the contrary, there was unrest at the party because Smith brought his children and, later, Smith failed to comply with defendant's demands that he get in Kimble's minivan. Even if the jury believed defendant's witness that Smith pushed Curtis, Yolanda, and Kimble, defendant subsequently escalated the conflict by shooting Smith. Without evidence of adequate provocation, a manslaughter instruction was not rationally supported, and therefore, failure to instruct the jury on voluntary manslaughter was not plain error.

In addition, even if we were to conclude that the jury should have been given a manslaughter instruction, failure to give the instruction did not affect defendant's substantial rights. The jury was instructed on second-degree murder, in addition to first-degree murder. The jury rejected that intermediate lesser offense and found defendant guilty of the greater offense. Thus, any failure to give an instruction on the lesser offense of manslaughter did not prejudice defendant. See, e.g., *People v Wilson*, 265 Mich App 386, 395-396; 695 NW2d 351 (2005).

## B. EFFECTIVE ASSISTANCE OF COUNSEL

Defendant also makes several arguments that he was denied the effective assistance of counsel. Defendant did not raise these claims in a motion for a new trial or a *Ginther*[2] hearing, or in a motion to remand in this Court. Therefore, review is limited to errors apparent on the

---

[2]*People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

record. *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012). As explained in *People v Gaines*, 306 Mich App 289, 300; 856 NW2d 222 (2014):

> Effective assistance of counsel is presumed, and defendant bears a heavy burden of proving otherwise. To demonstrate ineffective assistance, defendant must show: (1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that this performance so prejudiced him that he was deprived of a fair trial. "To demonstrate prejudice, the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." [Citation omitted.]

## 1. EXPERT ON IDENTIFICATION

Defendant argues that defense counsel was ineffective for failing to consult and call an expert in eyewitness identification. We disagree. Defendant has failed to demonstrate that, had defense counsel requested an expert witness in eyewitness identification, there is a reasonable probability that the outcome would have been different. MCL 775.15 provides a trial court with discretion to appoint an expert witness for an indigent defendant upon request. *People v Carnicom*, 272 Mich App 614, 616-617; 727 NW2d 399 (2006). The statute requires a defendant to show that an expert's testimony is required to enable the defendant to "safely proceed to a trial." MCL 775.15. To be entitled to the appointment of an expert witness,

> an indigent defendant must demonstrate a nexus between the facts of the case and the need for an expert. *People v Jacobsen*, 448 Mich 639, 641; 532 NW2d 838 (1995). It is not enough for the defendant to show a mere possibility of assistance from the requested expert. [*People v*] *Tanner*, [469 Mich 437, 443; 671 NW2d 728 (2003)]. Without an indication that expert testimony would likely benefit the defense, a trial court does not abuse its discretion in denying a defendant's motion for appointment of an expert witness. *Jacobsen*, [448 Mich at 641]. [*Carnicom*, 272 Mich App at 617.]

Nothing in the record demonstrates that an expert was necessary for defendant to safely proceed to trial. Through cross-examination, defense counsel challenged the strength and reliability of Kimble's and GLJ's identification testimony, elicited apparent discrepancies, and then argued bases for questioning the accuracy of their identifications in closing argument. Therefore, defendant cannot show that defense counsel was ineffective for failing to retain an expert, or that he was prejudiced by the absence of the expert at trial. Consequently, defendant cannot establish a claim of ineffective assistance of counsel on this basis.

## 2. MANSLAUGHTER INSTRUCTION

Defendant argues that defense counsel was ineffective for failing to request an instruction on voluntary manslaughter. As explained earlier, a rational view of the evidence did not support a manslaughter instruction. Because a request for a manslaughter instruction would have been futile, defense counsel was not ineffective for failing to request the instruction. *People v Goodin*, 257 Mich App 425, 433; 668 NW2d 392 (2003).

## 3. DEFENDANT'S RIGHT TO TESTIFY

Defendant lastly argues that defense counsel was ineffective for advising him not to testify on his own behalf at trial. Defendant stated on the record that it was his decision, after consulting with defense counsel, not to testify. Defendant therefore waived his right to testify, *People v Simmons*, 140 Mich App 681, 684-685; 364 NW2d 783 (1985), and his arguments that defense counsel was ineffective are without merit. Although defendant claims that defense counsel advised him not to testify because she was unprepared, defendant has failed to establish a factual predicate for this claim. *People v Stokes*, ___ Mich App ___; ___ NW2d ___ (2015) (Docket No. 321303), lv pending; slip op at 14 ("[a] defendant raising a claim of ineffective assistance of counsel bears the burden of proving the factual predicate of his or her claim"). In addition, defendant claims that defense counsel promised to communicate the message of his proposed testimony in other ways at trial. Because defendant does not make any claims on appeal about how he would have testified differently than the defense presented at trial, he has not overcome the strong presumption that his counsel's decision was anything other than sound trial strategy. *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008).

## C. FAILURE TO DISCLOSE EVIDENCE

Finally, defendant argues that the prosecution violated *Brady, supra,* by failing to disclose evidence that the officer in charge was allegedly under investigation for theft. Defendant's argument is devoid of any evidence supporting this allegation. According to MCR 7.210(A), "[a]ppeals to the Court of Appeals are heard on the original record." "In an appeal from a lower court, the record consists of the original papers filed in that court or a certified copy, the transcript of any testimony or other proceedings in the case appealed, and the exhibits introduced." MCR 7.210(A)(1). Defendant makes no citation to the record to support the allegations about Sergeant Alex Vinson and he did not file a motion with this Court to expand the record on appeal under MCR 7.216(A)(4). Accordingly, it is "impermissible to expand the record on appeal." *People v Powell*, 235 Mich App 557, 561 n 4; 599 NW2d 499 (1999). Moreover, defendant bears the burden of "furnishing the reviewing court with a record to verify the factual basis of any argument upon which reversal was predicated," *People v Elston*, 462 Mich 751, 762; 614 NW2d 595 (2000), and he has failed to do so here. We therefore reject this claim of error.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens

-8-