PEOPLE v JACOBSEN

Docket No. 99797. Decided May 19, 1995. On application by the people for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgment of the Court of Appeals, and reinstated the judgment of the circuit court.

Sheri L. Jacobsen was charged in the Grand Traverse Circuit Court with operating a vehicle while under the influence of alcohol, third offense. The court, Philip E. Rodgers, Jr., J., denied without prejudice the defendant's motion for the appointment of an expert witness. The defendant then entered a conditional plea of guilty, reserving the issue of appointment of an expert. The Court of Appeals, D. E. HOLBROOK, JR., P.J., and FITZGERALD, J. (TAYLOR, J., dissenting), reversed, holding that sufficient evidence was provided to require the appointment of an expert witness in showing that the delay in administering a Breathalyzer test was unreasonable and, as a result, the test did not reliably indicate her blood-alcohol content at the time of the offense (Docket No. 151849). The people seek leave to appeal.

In a memorandum opinion, signed by Chief Justice BRICKLEY, and Justices BOYLE, RILEY, MALLETT, and WEAVER, the Supreme Court *held:*

Without an indication that expert testimony would likely benefit the defense, it was not error for the circuit court to deny without prejudice the motion for appointment of an expert witness.

MCL 775.15; MSA 28.1252 authorizes payment of expert witness fees if the accused shows a nexus between the facts of the case and the need for the expert. Because the circuit court focused on the need for such a showing, which defense counsel was unable to offer, it did not err. The mere allegation that the delay in administering the Breathalyzer tests was unreasonable, with a reference to *People v Schwab,* 173 Mich App 101 (1988), was not a sufficient showing.

Reversed.

Justice LEVIN, joined by Justice CAVANAGH, would grant leave to appeal and dissents from the peremptory reversal.

205 Mich App 302; 517 NW2d 323 (1994) reversed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Dennis LaBelle,* Prosecuting Attorney, and *Alan Schneider,* Assistant Prosecuting Attorney, for the people.

*Robert L. Levi* for the defendant.

MEMORANDUM OPINION. The defendant was arrested· for driving her car while intoxicated. Approximately ninety minutes after her arrest, two Breathalyzer tests were administered at the county jail. They indicated a blood-alcohol level of 0.17 percent and 0.18 percent.

The defendant was charged with the felony of operating a vehicle under the influence of alcohol, third offense. MCL 257.625(6); MSA 9.2325(6).

In circuit court, the defendant moved to suppress the test results. She also moved for the appointment of an expert witness at public expense, stating:

> The Defendant believes that an expert witness will be able to offer testimony at any suppression hearing that the breathalyzer results obtained are unreliable due to the lapse of time between the stop and when the evidence was gathered, rate of alcohol metabolism and other factors.

The prosecutor opposed the motion for appointment of an expert, saying that the defendant had failed to make "a threshold showing" either "that the blood test was unreliable" or "that an expert would be of any benefit."

The court denied the motion without prejudice, saying that it would be "very prone" to grant the motion if defense counsel authored a "prima facie showing" that an expert could provide useful testimony.

The defendant then entered a conditional plea of

guilty,[1] reserving the issue regarding appointment of an expert. She was sentenced to a term of 40 to 60 months in prison.

The Court of Appeals reversed the defendant's conviction. 205 Mich App 302; 517 NW2d 323 (1994). Judge TAYLOR dissented.

The majority noted that Breathalyzer tests had been found to have been unreasonably delayed in *People v Schwab,* 173 Mich App 101; 433 NW2d 824 (1988). In light of *Schwab,* the majority said that the defendant "provided sufficient evidence to require the trial court to appoint an expert witness by showing that the delay was unreasonable and, as a result, the Breathalyzer did not give a reliable indication of her blood alcohol content at the time of the offense." 205 Mich App 307.

Writing in dissent, Judge TAYLOR emphasized that MCL 775.15; MSA 28.1252 authorizes payment of the fees for an expert witness, provided the accused is able to show "that there is a material witness in his favor within the jurisdiction of the court, without whose testimony he cannot safely proceed to a trial . . . ." Thus, wrote Judge TAYLOR, a defendant must "show a nexus between the facts of the case and the need for an expert." 205 Mich App 309.

Because the circuit court focused on the need for such a showing, which defense counsel was unable to offer, Judge TAYLOR concluded that the circuit court did not err. We agree. Without an indication that expert testimony would likely benefit the defense, it was not error to deny without prejudice the motion for appointment of an expert witness.

The mere allegation that the delay was unreasonable, with a reference to *Schwab,* was not a sufficient showing. As the circuit court noted,

[1] *People v Reid,* 420 Mich 326; 362 NW2d 655 (1984).

there was no indication that the defendant had further access to alcoholic beverages after her arrest, or that any other circumstance existed that would call into question the results of the Breathalyzer tests administered in this case. Though defense counsel raised the question whether a Breathalyzer typically gives false readings when administered at a certain point in the cycle of alcohol metabolism, there was no showing that the device is known to have such a failing.

We reverse the judgment of the Court of Appeals and reinstate the judgment of the circuit court.[2] MCR 7.302(F)(1).

BRICKLEY, C.J., and BOYLE, RILEY, MALLETT, and WEAVER, JJ., concurred.

LEVIN, J. I would grant leave to appeal and dissent from the peremptory reversal of the Court of Appeals.

CAVANAGH, J., concurred with LEVIN, J.

---

[2] We recognize that the Court of Appeals did not reach the defendant's sentencing issues. However, since this is an offense for which the circuit court exercised sentencing discretion only with regard to the minimum sentence (imposing a maximum sentence set by statute), the remaining issues have been mooted by the defendant's parole. Therefore we do not remand this case to the Court of Appeals for consideration of those claims.