PEOPLE v CARNICOM

Docket No. 259713. Submitted August 29, 2006, at Detroit. Decided
October 31, 2006, at 9:00 a.m. Leave to appeal sought.

Gary M. Carnicom was convicted by a jury in the St. Joseph Circuit
Court, John F. Foley, J., of possession of methamphetamine. The
defendant appealed, arguing that the court's denial of his motion
for the appointment and reimbursement of an independent toxi-
cologist to analyze his blood sample denied him due process.

The Court of Appeals *held*:

The trial court did not abuse its discretion in denying the
defendant's motion. MCL 775.15 authorizes payment for an expert
witness if an indigent defendant can establish that there is a
material witness in the defendant's favor without whose testimony
the defendant cannot safely proceed to trial. The defendant must
demonstrate a nexus between the facts of the case and the need for
an expert. It is not enough for a defendant to show a mere
possibility of assistance from the requested expert. Without an
indication that expert testimony would likely benefit the defense,
a trial court does not abuse its discretion in denying the motion. In
this case, the defendant only suggested that the expert witness
would offer testimony that the methamphetamine found in his
blood at the time of arrest resulted from the ingestion of pre-
scribed medications. He did not offer evidence that the requested
expert testimony would benefit him or dispute the testimony of
prosecution witnesses that the defendant's prescription medica-
tions did not contain methamphetamine. Nor did the defendant
show that the expert would offer testimony relevant to the
possession offense, which was based on substances found in the
defendant's vehicle rather than his blood. The defendant has not
demonstrated a nexus between the facts of this case and his need
for an expert.

Affirmed.

COOPER, J., concurring, agreed that *People v Jacobsen*, 448 Mich
639 (1995), requires a showing of a nexus between the facts of the
case and the need for an expert, but wrote separately to urge the
Supreme Court to clarify its opinion in that case. The reasoning
underlying the conclusion in *Jacobsen* is so circular as to render

meaningless the right to appointment of an expert witness. Until a defendant has engaged an expert witness to conduct whatever tests are at issue, the defendant cannot know how the expert's testimony will be shaped. To require a defendant to find an expert who will say what the defendant wants said without first having performed the necessary tests is contrary to the basic principle that the value of an expert is in reaching the truth of a matter by applying scientific, technical, or other specialized knowledge. If a court provides a court-appointed and -funded expert witness, there should be no requirement that the defendant first show that the expert will support his or her claim.

*Michael A. Cox,* Attorney General, *Thomas L. Casey,* Solicitor General, *Douglas K. Fisher,* Prosecuting Attorney, and *Thomas A. Ginster,* Special Assistant Attorney General, for the people.

State Appellate Defender (by *Douglas W. Baker*) for the defendant.

Before: BORRELLO, P.J., and JANSEN and COOPER, JJ.

PER CURIAM. Defendant was convicted by a jury of possession of methamphetamine, MCL 333.7403(2)(b)(*i*), and was sentenced to five months in jail. He appeals as of right. We affirm. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

On February 21, 2004, Officer Nicholas Allen stopped defendant for a suspected seat belt violation. Upon investigation, it was discovered that defendant was operating the vehicle with a suspended Indiana driver's license and that an arrest warrant had been issued for his failure to appear in a court in St. Joseph County. Defendant was placed under arrest.

Before it was impounded, an officer inventoried defendant's vehicle. The officer found what appeared to be a controlled substance in the vehicle. The substance field-tested positive for methamphetamine.

Defendant's blood was drawn pursuant to a search warrant and sent to the Michigan State Police Forensic Science Division laboratory.[1]

At his interview at the police station, defendant proposed that the prescription medications he was taking, Avapro and Adderall, caused a false positive test for methamphetamine in his blood. Defendant insisted he had not used methamphetamine for 10 to 12 years.

A forensic scientist with the state police laboratory confirmed that the substance found in defendant's vehicle contained methamphetamine. Defendant's blood sample, which was tested by the Michigan State Police Toxicology Unit, contained traces of both amphetamine and methamphetamine.

The jury found defendant guilty of possession of methamphetamine.

Defendant argues on appeal that he was denied due process when the trial court denied his motion to authorize funds to conduct an independent test of his blood sample. Defendant claims that he was denied the opportunity to present a defense and asserts that the error requires a new trial.

This Court reviews for abuse of discretion a trial court's decision whether to grant an indigent defendant's motion for the appointment of an expert witness. MCL 775.15. The abuse of discretion standard recognizes " 'that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome.' " *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006), quoting *People v Babcock*, 469 Mich

---

[1] Defendant was also originally charged with operating a motor vehicle while under the influence of a controlled substance, MCL 257.625(1). The prosecution dismissed that charge before trial.

247, 269; 666 NW2d 231 (2003). Under this standard, "[a]n abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Woodard v Custer*, 476 Mich 545, 557; 719 NW2d 842 (2006).

MCL 775.15 authorizes payment for an expert witness, provided that an indigent defendant is able to show "that there is a material witness in his favor within the jurisdiction of the court, without whose testimony he cannot safely proceed to trial . . . ." If the defendant makes this showing, the judge, "in his discretion," may grant funds for the retention of an expert witness. *Id.* A trial court is not compelled to provide funds for the appointment of an expert on demand. *Id.*; *People v Tanner*, 469 Mich 437, 442; 671 NW2d 728 (2003).

To obtain appointment of an expert, an indigent defendant must demonstrate a nexus between the facts of the case and the need for an expert. *People v Jacobsen*, 448 Mich 639, 641; 532 NW2d 838 (1995). It is not enough for the defendant to show a mere possibility of assistance from the requested expert. *Tanner, supra* at 443. Without an indication that expert testimony would likely benefit the defense, a trial court does not abuse its discretion in denying a defendant's motion for appointment of an expert witness. *Jacobsen, supra* at 641.

In the instant case, defendant is indigent and requested an expert witness at a motion hearing on July 29, 2004. In his motion, defendant told the trial court that he had discussed the parameters of the case with Speckin Forensic Laboratories in Okemos, Michigan, and that this laboratory was willing to do independent testing of defendant's blood, as well as present expert witness testimony at trial. Defendant did not state whether the expert's testimony would be in his favor.

Defendant believed that his expert witness would be able to offer testimony that would explain the presence of methamphetamine in his bloodstream at the time of arrest—specifically, that the presence of methamphetamine was caused by defendant's use of prescription Adderall. Besides defendant's assertion, there was nothing before the trial court to suggest that Adderall could cause a false positive for methamphetamine. Defendant did not make any indication or offer any evidence that expert testimony would likely benefit him.

In the prosecution's brief in response to defendant's motion for an expert witness, the prosecution averred that the active ingredients of Adderall contain amphetamines, but not methamphetamines. At the motion hearing on the matter, the prosecution also pointed out that a toxicologist at the Michigan State Police Crime Laboratory confirmed that Adderall does not contain methamphetamines. Moreover, a prosecution witness testified at trial that, according to the Physicians' Desk Reference, methamphetamine is not found in Adderall. The witness also suggested that amphetamine and methamphetamine cannot be mistaken for one another because they have two distinct "spectrums" and were, therefore, two distinct drugs within the blood. The defense presented no witnesses to dispute this testimony and did not even claim that the expert would have testified favorably to the defense. Consequently, we find it doubtful that an appointed expert toxicologist would have benefited the defense. *Jacobsen, supra* at 641.

Moreover, defendant has not shown that an expert, even if he or she attributed the methamphetamine in defendant's blood to Adderall, would have anything directly relevant to say about the possession offense, which was based on the substance found in the plastic

bag and the Wellbutrin pill bottle in defendant's vehicle. Defendant has not demonstrated a nexus between the facts of this case and the need for an expert. Absent an indication that the expert testimony would have likely benefited the defense, the trial court did not abuse its discretion in denying defendant's motion for appointment of an expert toxicologist.

Affirmed.

COOPER, J. (*concurring*). The majority finds dispositive defendant's failure to offer any evidence that expert testimony would likely benefit him. The majority is correct that *People v Jacobsen*, 448 Mich 639, 641; 532 NW2d 838 (1995), requires such a showing of a nexus between the facts of the case and the need for an expert. However, because I find the reasoning underlying that conclusion so circular as to render meaningless the right to appointment of an expert witness, I write separately to urge the Supreme Court to clarify its opinion in *Jacobsen*.

Essentially, the argument goes, an indigent defendant may prevail upon the court and the taxpayers to provide and fund an expert witness if the defendant can make a showing that the testimony of the expert witness will help his case. Until defendant has engaged an expert witness to conduct whatever tests are at issue, defendant cannot know how the expert's testimony will be shaped. And the value, at least to the court and the trier of fact, of an expert is to reach the truth of a matter by applying scientific, technical, or other specialized knowledge to the facts of the particular case, not to start with a conclusion and back into it with testing that is designed to support that conclusion rather than to reach an objective truth. To require a defendant to find an expert who will say what the

defendant wants said without having first performed whatever testing is necessary to form a conclusion is contrary to that basic principle. And it puts the defendant in an untenable position, unless the defendant is able somehow to find an expert who is willing to do the work of preparation on the promise that he will be paid only if and when the court allows him to testify.

If the court provides to indigent defendants the right to a court appointed and funded expert witness, there can be no requirement that the defendant first show the expert will support his claim. Otherwise, the right affords defendants no protection at all.