# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOHN LUVETT CHARLESTON,

        Defendant-Appellant.

UNPUBLISHED
March 19, 2015

No. 320128
Macomb Circuit Court
LC No. 2013-000484-FH

Before: GLEICHER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his conviction and sentence for assault with intent to do great bodily harm less than murder, MCL 750.84. Defendant was sentenced to 57 to 240 months' imprisonment. We affirm.

Defendant first argues that he was denied his right to due process and fundamental fairness when the trial court refused to appoint an expert to assist in his defense. We disagree. A trial court's decision regarding whether to grant an indigent defendant's motion for the appointment of an expert is reviewed for an abuse of discretion. *People v Tanner*, 469 Mich 437, 442; 671 NW2d 728 (2003); MCL 775.15. An abuse of discretion occurs when a trial court selects an outcome that is not within the range of reasonable and principled outcomes. *People v Carnicom*, 272 Mich App 614, 617; 727 NW2d 399 (2006).

Pursuant to MCL 775.15, a trial court may appoint an expert witness for an indigent defendant if the trial court determines that the defendant "cannot safely proceed to a trial" without the witness's testimony. MCL 775.15; *Carnicom*, 272 Mich App at 617. "A trial court is not compelled to provide funds for the appointment of an expert on demand." *Carnicom*, 272 Mich App at 617. "To obtain appointment of an expert, an indigent defendant must demonstrate a nexus between the facts of the case and the need for an expert." *Id*. "It is not enough for the defendant to show a mere possibility of assistance from the requested expert." *Id*. Additionally, the defendant must show that the expert testimony would likely benefit the defense. *Tanner*, 469 Mich at 443.

Defendant asserts that a blood expert was necessary to support his theory at trial that the victim was the aggressor and that he acted in self-defense because the expert could show that

-1-

some of the blood found at the crime scene belonged to defendant. However, we do not agree that there is a sufficient nexus between the facts of the case and the necessity for an expert. The victim and defendant testified regarding their respective injuries, and photographs were admitted at trial. Specifically, defendant testified that the victim bit his finger, causing it to bleed. Defendant also had scratches on his neck. Defendant testified that he bled on the wall in his kitchen, on his refrigerator, in his bathroom, and on his clothes, and that, afraid of being further hurt by the victim, he only struck her to defend himself. Photographs of defendant's hands were admitted into evidence. Although an expert may have testified regarding how much, if any, of defendant's blood was at the scene, the jury was able to assess the victim's and defendant's injuries through the testimony and the photographs admitted. Thus, defendant has not established that he needed an expert under the facts of the case to present his theory of self-defense. Accordingly, the trial court did not abuse its discretion by failing to appoint an expert witness.

Defendant next argues that the trial court incorrectly scored OV 3 and OV 4. We disagree. When reviewing a scoring issue, the trial court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). The court's application of the facts to the statutory scoring conditions is a question of statutory interpretation that is reviewed de novo on appeal. *Id.*

First, the trial court did not err in scoring OV 3 at 25 points. OV 3 addresses physical injury to a victim. MCL 777.33(1). OV 3 is scored at 25 points if the injury was "[l]ife threatening or permanent[ly] incapacitating[.]" MCL 777.33(1)(c). The victim testified that defendant choked her to the point of unconsciousness. The victim blacked out because she could barely breathe and blood vessels in her eyes popped. The victim had to spend two to three days in the Intensive Care Unit at the hospital as a result of the assault, had several CAT scans, and testified that she still experienced headaches and saw a neurologist. Thus, there was a basis for finding that the victim's injuries were life threatening. Accordingly, the trial court did not clearly err in scoring OV 3 at 25 points.

Second, the trial court did not err in scoring OV 4 at 10 points. OV 4 is scored based on psychological injury to a victim. MCL 777.34. 10 points are scored when "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). In assessing points, "the fact that treatment has not been sought is not conclusive." MCL 777.34(2). "The trial court may assess 10 points for OV 4 if the victim suffers, among other possible psychological effects, personality changes, anger, fright, or feelings of being hurt, unsafe, or violated." *People v Armstrong*, 305 Mich App 230, 247; 851 NW2d 856 (2014). Here, the victim testified that she was choked by defendant to the point that she blacked out, and that she felt defendant had taken advantage of her. She also testified that she still experienced anxiety, pain, and headaches because of the assault. The court found that even though the victim had not sought professional psychological treatment, her injuries were extensive enough that she could, and should, seek professional help. The victim's testimony supports the trial court's finding. Thus, the trial court did not err by assessing 10 points for OV 4.

Defendant also asserts that he is entitled to resentencing because his sentence was based on judicially-found facts that were not submitted to a jury and proven beyond a reasonable doubt,

or admitted by defendant, pursuant to *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013). This Court has rejected defendant's argument in *People v Herron*, 303 Mich App 392; 845 NW2d 533 (2013), and we are bound by that decision. MCR 7.215(J); MCR 7.215(C)(2). Therefore, defendant is not entitled to resentencing on that basis.[1]

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood

---

[1] In *People v Lockridge*, 304 Mich App 278; 849 NW2d 388 (2014), this Court acknowledged that it was bound by the holding in *Herron*. Recently, our Supreme Court granted leave in *Lockridge*. *People v Lockridge*, 496 Mich 852; 847 NW2d 925 (2014). It thereafter entered an order holding the application for leave to appeal in *Herron* in abeyance pending the decision in *Lockridge*. *People v Herron*, ___ Mich ___; 846 NW2d 924 (2014). A Supreme Court order granting leave to appeal does not diminish the precedential effect of a published opinion of the Court of Appeals. MCR 7.215(C)(2).