# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ELGIN AUGUSTA FINNIE,

        Defendant-Appellant.

UNPUBLISHED
April 19, 2016

No. 324757
Wayne Circuit Court
LC No. 13-011445-FC

---

Before: MURRAY, P.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of two counts of first-degree felony murder, MCL 750.316(1)(b), for which he was sentenced to concurrent prison terms of life imprisonment without parole. We affirm.

Defendant and a codefendant, Mercer Graham, were each convicted of participating in an attempted robbery of a house located at 8889 Pinehurst in Detroit on November 21, 2013. They were part of a group that allegedly intended to steal money and marijuana. Two occupants of the home, Ken Darden and Fleeman Hall, were fatally shot during the incident. Defendant and Graham were tried jointly, before separate juries, and they were each convicted of two counts of first-degree felony murder.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that the evidence at trial was insufficient to support his convictions. A challenge to the sufficiency of the evidence is reviewed de novo on appeal. *People v Cline*, 276 Mich App 634, 642; 741 NW2d 563 (2007). This Court must view the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hoffman*, 225 Mich App 103, 111; 570 NW2d 146 (1997). Circumstantial evidence and reasonable inferences drawn therefrom are sufficient to prove the elements of a crime. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). "The credibility of witnesses and the weight accorded to evidence are questions for the jury, and any conflict in the evidence must be resolved in the prosecutor's favor." *People v Harrison*, 283 Mich App 374, 378; 768 NW2d 98 (2009).

-1-

Defendant does not dispute that the evidence was sufficient to show that two people were killed "in the perpetration of, or attempt to perpetrate . . . robbery . . . [or] larceny of any kind," thereby establishing first-degree felony murder. MCL 750.316(1)(b). Instead, he argues that the evidence was insufficient to establish his identity as the perpetrator of these crimes. Identity is an essential element in every criminal prosecution, *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008), and a defendant's identity as the perpetrator of the charged crime must be established beyond a reasonable doubt, *People v Kern*, 6 Mich App 406, 409-410; 149 NW2d 216 (1967). The prosecution may establish identity by circumstantial evidence and any associated reasonable inferences. *People v Nelson*, 234 Mich App 454, 459; 594 NW2d 114 (1999); *Kern*, 6 Mich App at 409-410.

In this case, the homeowner explicitly identified defendant as one of a group of men who entered her home as part of an attempted robbery, which led to the shooting deaths of two occupants of the home. The homeowner testified that defendant was not wearing anything that covered his face, and he was armed with a rifle, similar in style to an AK-47. The homeowner stated that she saw defendant as she went from the den, past a chair and table, into the kitchen, and toward the basement. She also testified that she had seen both defendant and codefendant Graham approximately 1-1/2 to 2 weeks earlier, and provided details about her previous encounters with both men. She also identified both defendant and Graham in separate photographic lineups shortly after the offense. Although defendant argues that the homeowner's identification testimony was not credible because of differences in different descriptions she provided, and because of differences between her descriptions and those provided by other witnesses, the credibility of her identification testimony was for the jury to resolve, and this Court will not resolve it anew. *Harrison*, 283 Mich App at 378.

Viewed in a light most favorable to the prosecution, the evidence was sufficient to enable the jury to find beyond a reasonable doubt that defendant was one of the armed men who participated in the attempted robbery and shooting at the house. Thus, the evidence was sufficient to support defendant's convictions for two counts of felony murder.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that defense counsel was ineffective for failing to move for the appointment of an expert witness on identification testimony. Because defendant did not raise this issue in a motion for a new trial or request for a *Ginther*[1] hearing, and this Court denied defendant's motion to remand, our review of this issue is limited to mistakes apparent from the record. *People v Riley (After Remand)*, 468 Mich 135, 139; 659 NW2d 611 (2003); *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Id.*

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

"An attorney's decision whether to retain witnesses, including expert witnesses, is a matter of trial strategy." *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). Counsel is presumed to employ effective trial strategy, and it is a heavy burden for a defendant to prove otherwise. *Id*. "In general, the failure to call a witness can constitute ineffective assistance of counsel only when it deprives the defendant of a substantial defense." *Id*. (Quotation marks and citation omitted).

MCL 775.15 authorizes payment of funds for an expert witness when the defendant makes a showing that the witness is material and necessary to safely proceed to trial. *People v Carnicom*, 272 Mich App 614, 617; 727 NW2d 399 (2006). To warrant appointment of an expert, a defendant must also demonstrate a nexus between the facts of the case and the need for the expert; the mere possibility of assistance from the requested expert is insufficient. *People v McDade*, 301 Mich App 343, 356; 836 NW2d 266 (2013). "Without an indication that expert testimony would likely benefit the defense, a trial court does not abuse its discretion in denying a defendant's motion for appointment of an expert witness." *Carnicom*, 272 Mich App at 617.

The record does not support defendant's assertion that an expert was necessary for defendant to safely proceed to trial. The homeowner who identified defendant as one of the armed robbers testified that she recognized him as someone she had seen approximately 1-1/2 to 2 weeks earlier. Moreover, defendant gave a statement to the police admitting his presence at the scene, although defendant denied being armed or participating in the shooting. Before trial, counsel had the benefit of the homeowner's prior descriptions of the armed man she observed, as well as other witness statements, and there were differences in the homeowner's descriptions, as well as differences between her descriptions and those provided by other witnesses. Under the circumstances, it was not objectively unreasonable for counsel to believe that an expert witness on eyewitness identification was not necessary for defendant to safely proceed to trial. Consequently, we reject defendant's ineffective assistance of counsel claim.

## III. SEPARATE TRIALS

Defendant next argues that he was prejudiced by the trial court's failure to grant his motion to be tried separately from codefendant Graham. Before trial, defense counsel moved for a separate trial and/or jury. At the hearing on the motion, trial counsel specifically agreed with and adopted the request for separate juries made by counsel for codefendant Graham. Defense counsel made no mention of separate trials. By expressly agreeing to a joint trial before separate juries, counsel affirmatively waived this substantive issue. A waiver extinguishes any error, leaving no error to review. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). Defendant alternatively argues, however, that defense counsel was ineffective for not further requesting a separate trial. Our review of this issue is limited to errors apparent from the record. *Riley (After Remand)*, 468 Mich at 139.

A defendant does not have an absolute right to a separate trial. *Hoffman*, 205 Mich App at 20. Rather, there exists a strong policy favoring the conduct of joint trials in the interest of justice, judicial economy, and administration. *People v Etheridge*, 196 Mich App 43, 52-53; 492 NW2d 490 (1992). The "joinder of distinct criminal charges" is permissible against multiple defendants when "(1) there is a significant overlapping of issues and evidence, (2) the charges constitute a series of events, and (3) there is a substantial interconnectedness between the parties

defendant, the trial proofs, and the factual and legal bases of the crimes charged." *People v Missouri*, 100 Mich App 310, 349; 299 NW2d 346 (1980).

A trial court is permitted to sever joined charges "when appropriate to promote fairness to the parties and a fair determination of the defendant's guilt or innocence." MCR 6.120(B). Under MCR 6.120(C), however, the trial court is required to sever charges that are unrelated, as defined by MCR 6.120(B)(1). MCR 6.120(B) provides, in pertinent part:

> (1) Joinder is appropriate if the offenses are related. For purposes of this rule, offenses are related if they are based on
>
> (a) the same conduct or transaction, or
>
> (b) a series of connected acts, or
>
> (c) a series of acts constituting parts of a single scheme or plan.
>
> (2) Other relevant factors include the timeliness of the motion, the drain on the parties' resources, the potential for confusion or prejudice stemming from either the number of charges or the complexity or nature of the evidence, the potential for harassment, the convenience of witnesses, and the parties' readiness for trial.

In contrast, severance is mandated under MCR 6.121(C) only when a defendant is able to clearly and affirmatively demonstrate, by an affidavit or offer of proof, that his substantial rights will be prejudiced by the conduct of a joint trial, and that severance is the required method to rectify the potential prejudice. *People v Hana*, 447 Mich 325, 345-346; 524 NW2d 682 (1994). Severance generally should be granted, "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 359-360 (quotation marks and citation omitted).

Severance was not required in this case under MCR 6.120(B)(1) because the alleged offenses were not unrelated since they all stemmed from the same incident, the robbery and shootings. Judicial economy was served by joinder. This case involved dozens of exhibits, many witnesses, and several days of testimony. Most of the evidence was admissible as to both defendants and separate trials would have been duplicative and excessive. See *Etheridge*, 196 Mich App at 52.

Defendant complains that he was prejudiced by Graham's testimony because it was inherently incredible. He offers no basis upon which defense counsel should have anticipated that Graham would testify so poorly when counsel agreed to separate juries rather than a separate trial. This Court will not second-guess counsel's strategy or assess his competence with the benefit of hindsight. *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008).

Defendant cannot demonstrate that his and Graham's defenses were known or should have been known to be mutually exclusive at the time counsel agreed to separate juries. The record contains nothing that would indicate that defense counsel was aware or should have

anticipated mutually exclusive defenses. Defenses are mutually exclusive "if the jury, in order to believe the core of the evidence offered on behalf of one defendant, must disbelieve the core of the evidence offered on behalf of the codefendant." *Id*. (Quotation marks and citation omitted). The defenses eventually presented in this case were not mutually exclusive. Although defendant did not testify, defense counsel referred to defendant's police interview to argue that defendant was not in the home when the shooting occurred and did not participate in it. The "core" of his defense was that he was not involved in the shooting. The "core" of Graham's defense was that he was merely at the home to purchase marijuana. Although Graham's account differed from defendant's prior statement, the jury could have believed Graham, while finding that the homeowner had misidentified both defendants, and thus determined that both defendants were innocent. Under the circumstances, it was not objectively unreasonable for defense counsel to agree to separate juries and not further request separate trials. Further, defendant cannot show that he was prejudiced by this procedure.

Affirmed.

/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens
/s/ Michael J. Riordan