*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

WAYNE ALAN GILES,

      Defendant-Appellant.

UNPUBLISHED
November 10, 2022

No. 358434
Oakland Circuit Court
LC No. 2007-215493-FH

Before: MURRAY, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying his application to set aside his convictions. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In 2007, defendant pleaded *nolo contendere* to charges of aggravated stalking, MCL 750.411i, malicious destruction of personal property valued at $200 or more but less than $1,000 ("MDOP"), 750.377a(1)(c)(*i*), and malicious annoyance by writing ("malicious annoyance"), MCL 750.390. He was sentenced to 2 to 5 years' imprisonment for the aggravated stalking conviction, one year of imprisonment for the MDOP conviction, and 90 days' imprisonment for the malicious annoyance conviction.

The convictions arise from a seven-year period in which defendant repeatedly harassed his neighbors. He sent the victims a number of sexually-explicit and threatening letters. On at least 30 occasions defendant threw various items at the victims' properties, including batteries, eggs, feces, and rotten fruit. The victims did not know or suspect that defendant was the one committing these acts because they believed that defendant was a good neighbor. Defendant actively misled

---

[1] *People v Giles*, unpublished order of the Court of Appeals, entered January 26, 2022 (Docket No. 358434).

the police, putting eggs on his own roof and reporting to the police that his property was also being egged.

On May 17, 2021, defendant filed an application with the trial court to set aside his convictions. Oral argument was scheduled, but was later cancelled by the trial court. On August 18, 2021, the trial court entered an order stating it: "dispenses with oral argument. MCR 2.119(E)(3). Setting aside the convictions is not warranted as it would be inconsistent with the public welfare pursuant to MCL 780.621d(13)." This appeal followed.

## II. ORAL ARGUMENT

Defendant argues the trial court erred in denying his application to set aside his convictions without conducting oral argument on the matter. We disagree.

## A. STANDARD OF REVIEW

This Court reviews de novo questions of law. *People v Van Tubbergen*, 249 Mich App 354, 360; 642 NW2d 368 (2002). "Statutory interpretation is a question of law that is subject to review de novo by this Court." *Id.*

> In examining a statute, it is our obligation to discern the legislative intent that may reasonably be inferred from the words expressed in the statute. One fundamental principle of statutory construction is that a clear and unambiguous statute leaves no room for judicial construction or interpretation. Thus, when the Legislature has unambiguously conveyed its intent in a statute, the statute speaks for itself and there is no need for judicial construction; the proper role of a court is to apply the terms of the statute to the circumstances in a particular case. Concomitantly, it is our task to give the words used by the Legislature their common, ordinary meaning. [*Id.* (quotation marks and citations omitted).]

## B. LAW AND ANALYSIS

The Setting Aside Convictions Act (SACA), MCL 780.621 *et seq.*, states: "For an application under section 1(1), *upon the hearing* of the application the court may require the filing of affidavits and the taking of proofs as it considers proper." MCL 780.621d(11) (emphasis added). Defendant argues that this subsection requires a trial court to conduct a hearing, i.e., oral argument. He contends that the trial court erred when it decided defendant's application without oral argument.

By its plain language, the statute does not *require* oral argument. The referenced language merely directs that a court may require an applicant to file further proofs before deciding whether to grant or deny an application to set aside a conviction. Indeed, there is nothing in the statute that demands a trial court conduct oral argument upon the filing of an application to set aside a conviction. Moreover, the court rules specifically allow a trial court to "dispense with or limit oral arguments on motions." MCR 2.119(E)(3). The trial court did not err when it denied defendant's application without oral argument.

## III. EXPUNGEMENT DECISION

Defendant also argues the trial court abused its discretion when it denied his application to set aside his conviction. We disagree.

## A. STANDARD OF REVIEW

This Court reviews for an abuse of discretion a trial court's decision to grant or deny an application to set aside a conviction. *People v Van Heck*, 252 Mich App 207, 210 n 3; 651 NW2d 174 (2002). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). "The abuse of discretion standard recognizes that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome." *People v Carnicom*, 272 Mich App 614, 616; 727 NW2d 399 (2006) (quotation marks and citation omitted).

## B. LAW AND ANALYSIS

"The setting aside of a conviction or convictions under [the SACA] is a privilege and conditional and is not a right." MCL 780.621d(14). The SACA sets forth the preliminary criteria a defendant must satisfy before applying to set aside a conviction. MCL 780.621d(1) to (4). The statute requires that a defendant wait a specified period of time after the challenged sentence is complete, and they must not be charged with or convicted of any other crime before filing their application. If these criteria are satisfied, then the grant or denial of the application is at the discretion of the trial court. MCL 780.621d(13) states:

> If the court determines that the circumstances and behavior of an applicant under section 1(1) or (3), from the date of the applicant's conviction or convictions to the filing of the application warrant setting aside the conviction or convictions, and that setting aside the conviction or convictions is consistent with the public welfare, the court may enter an order setting aside the conviction or convictions.

Defendant contends the trial court abused its discretion in denying his application to set aside his convictions. He notes that he has incurred no other criminal convictions since the time he was convicted of the crimes he wants set aside, and that "he is no longer the person who committed those crimes." And, aside from the prosecutor's objections to his application, the trial court lacked any evidence that he is a threat to public welfare.

By the plain language of MCL 780.621d(13), a trial court has wide discretion in deciding whether to grant a criminal defendant's application to set aside their conviction. Again, the statute states "the court *may* enter an order setting aside the conviction or convictions." MCL 780.621d(13) (emphasis added). "Use of the word 'may' ordinarily is permissive." *People v Davis*, 337 Mich App 67, 77; 972 NW2d 304 (2021). Thus, the setting aside of a conviction is at the trial court's discretion even if the court is presented with evidence showing the circumstances warrant setting aside the conviction.

It is undisputed defendant satisfied the preliminary statutory criteria to set aside his convictions. Nevertheless, the trial court retained discretion to deny defendant's application and,

as the prosecution noted, the nature of defendant's convictions suggested he would continue to be a menace to society. Again, the abuse of discretion standard contemplates that "there will be more than one reasonable and principled outcome." *Carnicom*, 272 Mich App at 616. In this circumstance, the trial court properly exercised its discretion and denied the application.[2]

To the extent defendant argues the trial court could not rely on the prosecutor's objection to the application as evidence in support of a denial, this argument is abandoned on appeal. Other than a cursory reference suggesting that the trial court should not have relied on the objection, defendant offers no argument or authority demonstrating that the trial court erred on this basis. "The failure to brief the merits of an allegation of error constitutes an abandonment of the issue." *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004). Thus, we decline to consider this argument.

Affirmed.


/s/ Christopher M. Murray
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron

---

[2] Defendant appears to request that this Court allow him to amend his application to include a conviction from another case involving a second conviction for aggravated stalking, MCL 750.411i. Defendant's request is not in the form of a motion and we decline to consider it. MCR 7.211. However, if defendant were to seek expungement of this second aggravated stalking conviction, he will have reached the maximum number of assaultive felonies that can be expunged. MCL 780.621(1)(b).

-4-