[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15906
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20110-MGC-4


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PEDRO PEREZ,
a.k.a. Luis Perez,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 4, 2013)

Before CARNES, BARKETT and KRAVTICH, Circuit Judges.

PER CURIAM:

Pedro Perez was convicted on six counts after a jury trial:  conspiracy to

commit a Hobbs Act robbery, attempt to commit a Hobbs Act robbery, conspiracy

to possess with intent to distribute cocaine, attempted possession with intent to distribute cocaine, carrying of a firearm in furtherance of a crime of violence and a drug trafficking crime, and possession of a firearm and ammunition by an illegal alien. Perez appeals the district court's denial of his motions for a continuance, mistrial, and new trial. And he contends the court's failure to permit him time to secure an expert witness deprived him of due process. He also appeals the district court's denial of his motion to sever Count 6 of the indictment, possession of a firearm and ammunition by an illegal alien. After thorough review, we affirm.

I.

This case involves a sting operation in which Perez and several co-conspirators planned with undercover special agent Erik Espinosa and a confidential informant to rob a cocaine stash house. Agent Espinosa began communicating with one of Perez's co-conspirators in December 2010. On January 25, 2011, Espinosa had a telephone conversation with a person referred to only as "Mexico" about the planned robbery. On January 27, Perez and three co-conspirators met with the confidential informant, planning to go to the stash house later that day to commit the robbery. Before they could rob the house, agents arrested them. Of the four co-conspirators, Perez was the only one of Mexican origin.

2

At trial, the defense's theory of the case was that Perez first became involved on January 27 and at that time had not yet agreed to commit the crimes. To debunk this theory, the government was prepared to have Agent Espinosa testify that the person referred to as "Mexico" in the January 25 phone conversation was Perez. Because Espinosa did not form that belief until shortly before trial, however, the government did not disclose during discovery its intention to elicit the belief from Espinosa. On that ground, the district court prevented Espinosa from testifying to the identity of "Mexico." Instead, the government admitted a transcript and a recording of the January 25 phone conversation in which one of the conspirators was referred to as "Mexico." And the government admitted evidence that Perez was the only Mexican member of the conspiracy.

At the close of evidence, Perez informed the government and the district court that he intended to argue in closing that he was not the person referred to as "Mexico." The government requested that the district court permit it to argue the opposite. The district court granted the request. Perez then moved for a continuance to obtain a voice-recognition expert, but the district court denied the motion. Perez moved for a mistrial, which the court denied, and the jury convicted him on all six counts.

3

After his conviction, Perez obtained a voice-recognition expert, who opined that the voice of "Mexico" did not match that of Perez. Perez then moved for a new trial based on newly discovered evidence, namely the voice-recognition expert's report. The district court denied that motion. This is Perez's appeal.

II.

Perez first argues that the district court erred in denying his motions for a continuance, mistrial, and new trial. We review the district court's denial of a motion for a continuance for abuse of discretion. *United States v. Valladares*, 544 F.3d 1257, 1261 (11th Cir. 2008). Where the purpose of the continuance is to have additional time to gather evidence, "a defendant must show that the denial of the motion for continuance . . . resulted in specific substantial prejudice." *United States v. Verderame*, 51 F.3d 249, 251 (11th Cir. 1995). We also review the denial of a mistrial for abuse of discretion. *United States v. Trujillo*, 146 F.3d 838, 845 (11th Cir. 1998). "A defendant is entitled to grant of mistrial only upon a showing of substantial prejudice." *United States v. Chastain*, 198 F.3d 1338, 1352 (11th Cir. 1999).

Perez argues that, when the government asserted in its closing statement that the person identified in the January 25 phone call as "Mexico" was actually him, the district court should have given him a continuance to hire an expert to testify that the voice on the recording did not match his. But the record reveals that the

4

district court's failure to grant the motion for a continuance did not result in specific substantial prejudice.  Prior to empaneling the jury, the district court stated that it would not allow Agent Espinosa to testify that the unidentified male in the transcript was Perez.  The government nonetheless introduced the transcript, the only relevance of which was to tie Perez to the conspiracy at least as early as January 25.  And the only way that could be accomplished was if the jury inferred Perez, the only Mexican co-conspirator, was the individual referred to as "Mexico" during the conversation.  Perez does not, as he could not, argue that inference is unsustainable.  Yet Perez never asked for permission to get an expert until after the evidence was closed.  The district court's refusal to grant a continuance at this late hour, when the relevance of the evidence should have been apparent even before the jury was empaneled, did not cause specific substantial prejudice. *See United States v. Douglas*, 489 F.3d 1117, 1128 (11th Cir. 2007).

After the district court denied his motion for a continuance, Perez moved for a mistrial on the same theory – that he did not have adequate time to rebut the prosecution's suggestion that he was the unidentified person in the January 25 phone call.   For the reasons discussed above, Perez has not met his burden of demonstrating substantial prejudice.

Perez also appeals the district court's denial of his motion for a new trial based on the expert's report he obtained after the verdict that opines that the voice

of "Mexico" on the January 25 recording does not match his. We review the denial of a motion for new trial for abuse of discretion. *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006) (*en banc*). Where the motion is based on newly discovered evidence, the defendant must show that: "(1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result." *United States v. Lee*, 68 F.3d 1267, 1273 (11th Cir. 1995).

In this case, Perez could have produced the expert's report before the verdict if he had exercised due care. Although the district court opined that a voice-recognition expert probably was not necessary "if the Government [was] going to proceed on the theory to the jury that [the person referred to as "Mexico" in the transcript] is an unknown male," that did not foreclose Perez from requesting one. Significantly, Perez explicitly considered on the record asking the court to appoint a voice recognition expert *before trial began*. His choice not to do so does not render the subsequently created report new evidence he could not have discovered with due care.

Thus, we hold Perez cannot show that the district court abused its discretion in failing to grant his motions for a continuance, mistrial, or new trial.

6

III.

Perez also claims, for the first time on appeal, that his due process rights were violated because he was not given the opportunity to adequately rebut the prosecution's theory that he was "Mexico" on the tape.  Because Perez did not raise this argument before the district court, we review for plain error.  *United States v. Swatzie*, 228 F.3d 1278, 1281 (11th Cir. 2000).  To establish plain error, Perez must show there is (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Johnson v. United States*, 520 U.S. 461, 467 (1997).

In support of his due process claim, Perez cites *Ake v. Oklahoma*, 470 U.S. 68 (1985), for the proposition that a defendant is deprived of due process when he is not given adequate opportunity to rebut the prosecution's theory of the case.  *Ake* held that, "when a defendant has made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial, the Constitution requires that a State provide access to a psychiatrist's assistance on this issue if the defendant cannot otherwise afford one."  470 U.S. at 74.  But we have never expressly applied *Ake*'s rule outside of the context of psychiatric experts.  *See United States v. Brown*, 441 F.3d 1330, 1365 (11th Cir. 2006).  Thus, the district court did not plainly err.  *See United States v. Olano*, 507 U.S. 725, 734 (1993) (stating that plain errors are those that are "clear under current law"); *United States*

7

*v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) ("It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it.").

## IV.

Finally, Perez argues that the district court erred by failing to sever Count 6 of the indictment.  Count 6 charged Perez with being an illegal alien in possession of a firearm.  "We will not reverse the denial of a severance motion absent a clear abuse of discretion resulting in compelling prejudice against which the district court could offer no protection."  *United States v. Walser*, 3 F.3d 380, 385 (11th Cir. 1993).

Perez concedes that the mere failure to sever the charge did not cause substantial prejudice.  Rather, he argues that it would have been less prejudicial to bifurcate the trial and try Count 6 separate from the others or to permit him to stipulate outside of the jury's presence that he was an illegal alien, thereby making Count 6 only about whether he possessed a firearm.[1]  But even assuming that one of these alternatives would have been less prejudicial, that alone does not make the

---

[1] Perez also contends that the district court should have permitted him to plead guilty or *nolo contendere* to Count 6.  But he indicated that he intended to contest whether he possessed a firearm on Count 5, carrying of a firearm in furtherance of a crime of violence and a drug trafficking crime.  Accordingly, the district court did not abuse its discretion in refusing to accept the plea.  *See United States v. Gamboa*, 166 F.3d 1327, 1331 n.4 (11th Cir. 1999) ("A court cannot accept a guilty plea unless it is satisfied that the conduct to which the defendant admits constitutes the offense charged.").

district court's refusal to accept one reversible error. *See id.* ("To justify reversal more than some prejudice must be shown; the appellant must demonstrate that he received an unfair trial and suffered compelling prejudice." (internal quotation marks omitted)).  Therefore, Perez has not shown the district court abused its discretion by failing to sever Count 6.

## IV.

For the foregoing reasons, we affirm Perez's convictions.

**AFFIRMED.**