not persuaded that the remaining question presented should be reviewed by this Court. We do not retain jurisdiction.

PEOPLE V KEVIN ROBINSON, No. 151791; Court of Appeals No. 326023. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we vacate the sentence of the Muskegon Circuit Court for the defendant's first-degree murder conviction, and we remand this case to the trial court for resentencing on that conviction pursuant to MCL 769.25 and MCL 769.25a. See *Montgomery v Louisiana*, 577 US ___; 136 S Ct 718; 193 L Ed 2d 599 (2016); *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012). In all other respects, leave to appeal is denied, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). We do not retain jurisdiction.

PEOPLE V KINCAID, No. 151840; Court of Appeals No. 325814. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we grant the defendant's motion to lift the Wayne Circuit Court's November 4, 2013 stay (abeyance) order, vacate the sentences of the Wayne Circuit Court on the defendant's three first-degree murder convictions, and remand this case to the trial court for resentencing on those convictions pursuant to MCL 769.25 and MCL 769.25a. See *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012); *Montgomery v Louisiana*, 577 US ___; 136 S Ct 718; 193 L Ed 2d 599 (2016). We do not retain jurisdiction.

PEOPLE V THOMAS DARBY, No. 151882; Court of Appeals No. 317576. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we reverse in part the judgment of the Court of Appeals, and we remand this case to the Wayne Circuit Court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358, 388-389 (2015). On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court. We do not retain jurisdiction.

PEOPLE V HALLAK, No. 152005; reported below: 310 Mich App 555. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we reverse in part the judgment of the Court of Appeals, and we remand this case to the Eaton Circuit Court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358 (2015). On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court

determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court. We do not retain jurisdiction.

PEOPLE V BLACKWELL, No. 152133; Court of Appeals No. 320995. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we reverse in part the judgment of the Court of Appeals, and we remand this case to the Eaton Circuit Court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358 (2015). On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court. We do not retain jurisdiction.

PEOPLE V WATSON, No. 152434; Court of Appeals No. 320328. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we remand this case to the Jackson Circuit Court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358 (2015). On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. In all other respects, leave to appeal is denied because we are not persuaded that the remaining questions presented should be reviewed by this Court. We do not retain jurisdiction.

*Leave to Appeal Denied March 29, 2016:*

PEOPLE V OLSON, No. 150135; Court of Appeals No. 321882.

PEOPLE V DUMAS, No. 150860; Court of Appeals No. 323462.

PEOPLE V MICHAEL HARRIS, No. 151290; Court of Appeals No. 325503.

PEOPLE V BEALS, No. 151364; Court of Appeals No. 325643.

PEOPLE V OSWALD, No. 151390; Court of Appeals No. 325707.

PEOPLE V MICHAEL WARD, No. 151397; Court of Appeals No. 325466.

PEOPLE V ANTONIO STAPLETON, No. 151440; Court of Appeals No. 325501.