# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

THOMAS DAMARR DARBY,

        Defendant-Appellant.

UNPUBLISHED
July 24, 2018

No. 337927
Wayne Circuit Court
LC No. 13-003186-02-FC

Before: CAMERON, P.J., and JANSEN and O'CONNELL, JJ.

PER CURIAM.

On appeal after remand, defendant appeals as of right the order denying resentencing. We affirm.

In a prior appeal, this Court affirmed defendant's armed robbery conviction, MCL 750.529. *People v Darby*, unpublished opinion per curiam of the Court of Appeals, issued June 16, 2015 (Docket No. 317576), p 1. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12 to 30 to 45 years' imprisonment. Defendant appealed this Court's decision to our Supreme Court. Following its decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), our Supreme Court issued an order in this case reversing in part this Court's decision and remanding to the trial court "to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in . . . *Lockridge*, 498 Mich at 388-389." See *People v Darby*, 499 Mich 879; 876 NW2d 541 (2016).

Here, no pleadings were filed by either party subsequent to the remand order from the Michigan Supreme Court. On remand, defense counsel expressed defendant's desire to be resentenced. The trial court noted the defendant's previous sentence, and that the guidelines were 126 months to 35 years, and as a fourth-offense habitual offender, defendant had a mandatory minimum of 25 years. Following our Supreme Court's directive, the trial court ruled that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, and defendant's original sentence was reaffirmed. This appeal followed.

Defendant now argues that the trial court erroneously disregarded mitigating circumstances when declining to resentence defendant. We disagree.

-1-

We review a trial court's denial of a motion of resentencing for an abuse of discretion. *People v Puckett*, 178 Mich App 224, 227; 443 NW2d 470 (1989). Generally, an appellate court should defer to the trial court's judgment, and if the trial court's decision results in an outcome within the range of principled outcomes, it has not abused its discretion. *People v Carnicom*, 272 Mich App 614; 727 NW2d 399 (2006).

On remand, the trial court should determine whether it would have imposed a materially different sentence but for the constitutional error, and if the trial court answers that question in the affirmative, it must resentence defendant. *Lockridge*, 498 Mich at 397. In deciding whether it would have imposed a materially different sentence, the trial court should consider only the circumstances existing at the time of the original sentence. *Id.* at 398. While a trial court must score and consider the sentencing guidelines, the trial court is not compelled to impose a minimum sentence within the calculated range, as the guidelines are only advisory. *Id*. at 365. In determining an appropriate sentence, a court may draw inferences about the defendant's behavior from the objective evidence. *People v Petri*, 279 Mich App 407, 422; 760 NW2d 882 (2008). On remand for a *Crosby*[1] hearing, if a trial court decides not to resentence the defendant, it must articulate "an appropriate explanation" for its decision on the record. *Lockridge*, 498 Mich at 398. The articulation is adequate if the trial court expressly relies on the guidelines, or if it is clear from the context of the court's remarks that the court relied on them. *People v Conley*, 270 Mich App 301, 312-313; 715 NW2d 377 (2006).

Here, the trial court complied with the *Crosby* remand procedure by allowing defendant to submit his views regarding resentencing. After reciting the facts of the case and the appropriate sentencing guidelines, the trial court expressed its belief that the original sentence, which was within the advisory guidelines range, was reasonable based on the violence of the crime and defendant's prior criminal history. Accordingly, the court considered defendant's sentence in light of *Lockridge*, and determined it would not have imposed a materially different sentence. Therefore, we conclude that the trial court followed the procedure articulated in *Lockridge* and provided an appropriate explanation for its decision to not resentence defendant.

However, defendant argues that the trial court abused its discretion by not considering mitigating circumstances regarding defendant when it determined not to resentence him, an issue not previously considered in this case by either this Court or by our Supreme Court. See *Darby*, unpub op at 11-12; *Darby*, 499 Mich 879. Specifically, defendant claims the trial court ignored the following: he had the lesser role in the armed robbery; that his co-defendant, and not he, brought the extra violence to the crime; that he has a learning disability; that he has had suicidal thoughts since his arrest; and that his co-defendant received a lighter sentence even though co-defendant was the person who shot the victim.

Our Supreme Court remanded this case to the trial court for the limited purpose of implementing the *Crosby* remand procedure to determine whether defendant should be resentenced. *Darby*, 499 Mich 879. As noted *supra*, the trial court properly followed the

---

[1] *United States v Crosby*, 397 F 3d 103 (CA 2, 2005).

remand procedure outlined in *Lockridge*, but decided not to resentence defendant. This Court's review of defendant's second appeal is limited by the scope of the remand. *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975); see also *People v Kincade (On Remand)*, 206 Mich App 477, 481; 522 NW2d 880 (1994), ("where an appellate court remands for some limited purpose following an appeal as of right in criminal case, a second appeal as of right, limited to the scope of the remand, lies from the decision on remand."). Because on remand the trial court imposed the exact same sentence, it follows that defendant could have raised this issue during his first appeal. The trial court expressed its belief that the original sentence, which was within the advisory guidelines range, was reasonable based on the violence of the crime and defendant's prior criminal history. Accordingly, defendant's argument regarding mitigating circumstances is outside the scope of our Supreme Court's remand order, and therefore, is not properly before this court and we decline to address it.

Defendant also argues that he is entitled to a proportionality review of his sentence. Again, we disagree. Defendant was sentenced within the minimum sentencing guidelines range, i.e., he did not receive a departure sentence. Therefore, reasonableness, or proportionality, review is not warranted. *Lockridge*, 498 Mich at 365, 392. In *Lockridge*, our Supreme Court held that "[a] sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Id.* at 392. When reviewing a departure sentence for reasonableness, an appellate court must determine "whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), 'which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017).

Here, defendant's minimum sentencing guidelines range was 126 months to 35 years' imprisonment, and as a fourth-offense habitual offender, defendant had a mandatory minimum of 25 years' imprisonment. MCL 769.12(1)(a). Defendant was ultimately sentenced to 30 to 45 years' imprisonment for his armed robbery conviction. Because defendant's minimum sentence is within the guidelines range, it is presumed to be proportionate and must be affirmed on appeal absent a scoring error or reliance on inaccurate information. MCL 769.34(10); *People v Jackson*, 320 Mich App 514, 527; 907 NW2d 865 (2017). Defendant has offered no compelling argument that an error occurred or that the trial court relied on inaccurate information. Defendant does not cite any intervening change in the law or any change of circumstances since the trial court decided the issue in October 2016. Indeed, defendant only argues that the trial court erred by not taking into account defendant's mitigating circumstances. As discussed, the trial court provided an appropriate explanation for its decision to not resentence defendant, and therefore, it did not abuse its discretion in denying resentencing and a reasonableness review is not required.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Peter D. O'Connell