*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 21, 2023

Plaintiff-Appellee,

v

No. 356217
Calhoun Circuit Court
LC No. 2017-003699-FH

JAMES EDWARD LOCKMILLER,

Defendant-Appellant.

ON REMAND

Before: MURRAY, P.J., and SERVITTO and O'BRIEN, JJ.

PER CURIAM.

This case returns to this Court after remand from our Supreme Court. Following a jury trial, defendant was convicted of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (victim under 13). The trial court originally sentenced defendant to 38 months to 15 years' imprisonment, and ordered lifetime electronic monitoring (LEM) as required by MCL 750.520c(2)(b) and MCL 750.520n(1). In his first appeal, a panel of this Court concluded that the trial court had erred in its assessment of offense variable 7, and remanded "for resentencing under the appropriate minimum sentencing guidelines range." *People v Lockmiller*, unpublished per curiam opinion of the Court of Appeals, issued November 19, 2020 (Docket No. 348184), p 9. On remand, the trial court resentenced defendant to 17 to 180 months' imprisonment, and again ordered LEM as required by MCL 750.520c(2)(b) and MCL 750.520n(1). In his second appeal to this Court, defendant challenged the trial court's imposition of LEM as an unreasonable search and a cruel or unusual punishment, but a panel of this Court declined to address defendant's arguments, reasoning that they were outside the scope of the remand. *People v Lockmiller*, unpublished per curiam opinion of the Court of Appeals, issued April 14, 2022 (Docket No. 356217), p 2. Our Supreme Court reversed that decision and remanded "to the Court of Appeals to consider those issues the defendant raised in that court challenging the imposition of LEM." *People v Lockmiller*, ___ Mich ___, ___ (2022) (Docket No. 164505). Doing so, we affirm defendant's sentence.

In the trial court, defendant never contested the imposition of LEM as being an unconstitutional. Accordingly, as defendant concedes, his arguments on appeal that the imposition of LEM violated his constitutional rights against (1) unreasonable search and seizure and (2) cruel or unusual punishment are unpreserved. See *People v Pipes*, 475 Mich 267, 277; 715 NW2d 290 (2006). An unpreserved, nonstructural constitutional error is reviewed for plain error affecting substantial rights. *Id*. at 278.[1] "Plain error exists when 1) an error occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Beck*, ___ Mich ___, ___; ___ NW2d ___ (2022) (Docket Nos. 160668, 160669); slip op at 30 (quotation marks, citation, and alterations omitted).[2]

This Court has previously addressed the two arguments raised by defendant in *People v Hallak*, 310 Mich App 555, 566-581; 873 NW2d 811 (2015), rev'd in part on other grounds, *People v Hallak*, 499 Mich 879 (2016). That opinion was reversed in part on other grounds in *Hallak*, 499 Mich at 879-880, but the issue leading to reversal nevertheless concerned the defendant's sentence. As the portion of *Hallak* relevant to defendant's arguments in this appeal also concerned the *Hallak* defendant's sentence, our Supreme Court's reversal of *Hallak*, even on other grounds, rendered the relevant portion of *Hallak* "to be without precedential value." *Dunn v Detroit Auto Inter-Ins Exch*, 254 Mich App 256, 266; 657 NW2d 153 (2002).

---

[1] Defendant argues on appeal that, despite failing to preserve this issue, this Court's review should be de novo because the facts are "essentially uncontested." He cites *People v Oliver*, 464 Mich 184, 191-192; 627 NW2d 297 (2001), in support of this assertion. In *Oliver*, the defendants had preserved their constitutional challenges by contesting allegedly illegal searches in motions to suppress. *Id*. at 190. In explaining the standard of review, our Supreme Court first recognized that a trial court's factual findings at a suppression hearing are generally reviewed for clear error, but explained that "this level of deference" was not warranted when the facts were "essentially uncontested." *Id*. at 191-192. Thus, the portion of *Oliver* on which defendant relies had nothing to do with preservation requirements, and it remains true that unpreserved, nonstructural constitutional errors are reviewed for plain error affecting substantial rights.

[2] Defendant does not argue that his trial counsel rendered ineffective assistance by not raising his appellate arguments before the trial court. As our Supreme Court has explained, the focus of a court's review under the plain-error standard differs from the review of a claim for ineffective assistance:

> [T]he specific error that is the focus of each standard is different. It is the trial court's unobjected-to error that is the subject of plain-error review. By contrast, the ultimate determination of an ineffective-assistance claim is not the propriety of the trial court's actions with regard to an alleged error, but whether defendant has suffered a genuine deprivation of his right to effective assistance of counsel. [*People v Randolph*, 502 Mich 1, 10-11; 917 NW2d 249 (2018) (quotation marks, citations, and alterations omitted).]

Here, we are reviewing only "the trial court's unobjected-to error"—whether that error was plain and affected defendant's substantial rights. *Id*. at 10.

Since *Hallak*, however, no court has addressed the constitutionality of Michigan's LEM statute. "A clear or obvious error under the second prong [of the plain-error standard] is one that is not subject to reasonable dispute." *People v Allen*, 507 Mich 597, 614; 968 NW2d 532 (2021) (quotation marks and citation omitted). Here, no court has ever held that Michigan's LEM statute is unconstitutional, and the only time an appellate court has addressed the issue, it held that the statute passed constitutional muster. While that decision may no longer have precedential value for the reasons explained, the relevant portion of the decision was never reversed or vacated. In light of this, we are compelled to conclude that defendant's claims of error are subject to at least reasonable dispute. As such, even if we were to revisit *Hallak* and rebalance the considerations of defendant's constitutional claims to favor defendant like he urges, we would still conclude that the trial court's imposition of LEM was not an obvious error warranting relief under plain-error review. See *People v Swenor*, 336 Mich App 550, 569; 971 NW2d 33 (2021) (holding that a trial court's alleged error on an unpreserved, nonstructural constitutional issue was "not plainly or obviously wrong" because there was "no binding caselaw" directly addressing the issue); *United States v Finnesy*, 953 F3d 675, 696-697 (CA 10, 2020) (same); *United States v Olano*, 507 US 725, 734; 113 S Ct 1770; 123 L Ed 2d 508 (1993) ("At a minimum, court of appeals cannot correct an error [under plain-error review] unless the error is clear under current law."); *Henderson v United States*, 568 US 266, 278; 133 S Ct 1121; 185 L Ed 2d 85 (2013) (explaining that the "requirement that an error be 'plain' means that lower court decisions that are questionable but not *plainly* wrong (at time of trial or at time of appeal) fall outside the . . . scope" of plain-error review); *United States v Ellis*, 564 F3d 370, 378 (CA 5, 2009) (rejecting a defendant's challenge to his sentence because the alleged error was not obvious, noting that "all defendants' appeals challenging a sentence rest on the practical premise that the sentence should be less," but "[n]ot every error that increases a sentence need be corrected by a call upon plain error doctrine").[3]

Affirmed.

/s/ Deborah A. Servitto
/s/ Colleen A. O'Brien

---

[3] This opinion neither affirms nor disavows *Hallak*. We conclude only that defendant cannot satisfy the second prong of plain-error review, and thus his claims for unpreserved, nonstructural constitutional error do not warrant appellate relief.